1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHANIE WHEELER                          No.  2:16-cv-02827 AC

12              Plaintiff,

13        v.                                    **ORDER**

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15
                Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for disability insurance benefits ("DIB") under

20   Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for

22   summary judgment will be DENIED.  The matter will be remanded for further proceedings.

23                            I.  PROCEDURAL BACKGROUND

24        Plaintiff applied for DIB on May 27, 2014.  Administrative Record ("AR") 73

25

26   _____

27   [1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
     who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
     York, 476 U.S. 467, 470 (1986).
28

                                            1

1  (Decision).[2]  The disability onset date was alleged to be April 30, 2014.  Id.  The application was

2  disapproved initially and on reconsideration.  Id.  On May 3, 2016, Administrative Law Judge

3  (ALJ) G. Ross Wheatley presided over the hearing on plaintiff's challenge to the disapprovals.

4  AR 10-46 (Transcript).  Plaintiff, who appeared with her counsel Mr. Fred N. Tabak and Mr. John

5  Roberson, was present at the hearing.  AR 73.  Ms. Cathleen Spencer, a Vocational Expert

6  ("VE"), also testified at the hearing.  Id.

7           On June 30, 2016, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d)

8  of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 70-85 (Decision).  On September 30,

9  2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the

10  final decision of the Commissioner of Social Security.  AR 4-7.  (Decision and Additional Exhibit

11  List).

12           Plaintiff filed this action on November 29, 2016.  ECF No. 1; see 42 U.S.C. § 405(g).  The

13  parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 5, 7.  The parties' cross-

14  motions for summary judgment, based upon the Administrative Record filed by the

15  Commissioner, have been fully briefed.  ECF Nos. 13 (plaintiff's summary judgment motion), 16

16  (Commissioner's summary judgment motion), 19 (plaintiff's reply).

17                                    II.  FACTUAL BACKGROUND

18           Plaintiff was born on October 7, 1971, and accordingly was, at age 42, a younger person

19  under the regulations, when she filed her application.[3]  AR 47.  Plaintiff has two years of college

20  education.  AR 79.  Plaintiff "has at least a high school high school education and is able to

21  communicate in English."  AR 83.

22                                       III.  LEGAL STANDARDS

23           The Commissioner's decision that a claimant is not disabled will be upheld "if it is

24  supported by substantial evidence and if the Commissioner applied the correct legal standards."

25  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

26

27  _____
   [2] The AR is electronically filed at ECF Nos. 11-3 to 11-20 (AR 1 to AR 1061).
   [3] See 20 C.F.R. § 404.1563(c) ("younger person").
28

                                              2

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

1              IV.  RELEVANT LAW

2       Disability Insurance Benefits and Supplemental Security Income are available for every

3  eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

4  is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically

5  determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

6  (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

7       The Commissioner uses a five-step sequential evaluation process to determine whether an

8  applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4);

9  Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

10  process to determine disability" under Title II and Title XVI).  The following summarizes the

11  sequential evaluation:

12          Step one: Is the claimant engaging in substantial gainful activity?  If
           so, the claimant is not disabled.  If not, proceed to step two.
13

14  20 C.F.R. § 404.1520(a)(4)(i), (b).

15          Step two: Does the claimant have a "severe" impairment?  If so,
           proceed to step three.  If not, the claimant is not disabled.
16
   Id. §§ 404.1520(a)(4)(ii), (c).
17
           Step three: Does the claimant's impairment or combination of
18         impairments meet or equal an impairment listed in 20 C.F.R., Pt.
           404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not,
19         proceed to step four.

20  Id. §§ 404.1520(a)(4)(iii), (d).

21          Step four: Does the claimant's residual functional capacity make
           him capable of performing his past work? If so, the claimant is not
22         disabled.  If not, proceed to step five.

23  Id. §§ 404.1520(a)(4)(iv), (e), (f).

24          Step five: Does the claimant have the residual functional capacity
           perform any other work?  If so, the claimant is not disabled.  If not,
25         the claimant is disabled.

26  Id. §§ 404.1520(a)(4)(v), (g).

27       The claimant bears the burden of proof in the first four steps of the sequential evaluation

28  process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

                                        4

disabled"), 416.912(a) (same); <u>Bowen</u>, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the

sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

disabled and can engage in work that exists in significant numbers in the national economy."  <u>Hill</u>

<u>v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012); <u>Bowen</u>, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in Substantial Gainful Activity (SGA) since April 30, 2014, the Alleged Onset Date (AOD) (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: Migraine Headaches, Degenerative Disc Disease (DDD) of the lumbar spine, degenerative Disc Disease (DDD) of the cervical spine status-post discectomy and fusion, asthma, and rheumatoid arthritis (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform light work as defined by 20 CFR 404.1567)(a); except the claimant can stand or walk 4 hours during 8-hour day and sit for 6 hours during an 8-hour day, and no ladders, ropes or scaffolds, occasional ramps and stairs, stooping, crouching, kneeling and crawling, and frequent balancing.  The claimant should avoid concentrated exposure to irritants such as fumes, odors, dusts and gases and poorly ventilated areas, and moderate exposure to hazardous machinery and unprotected heights.
>
> 6. [Step 4] The claimant is capable of performing Past Relevant Work (PRW) as a Bookkeeper.  This work does not require the performance of work-related activates precluded by the claimant's Residual Functional Capacity (RFC) (20 CFR 404.1565).
>
> 7. [Step 5] The claimant has not been under a disability, as defined by Social Security Act, from April 30, 2014, through the date of this decision (20 CFR 404.1529(f)).

AR 73-85.

5

1    As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and

2    223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 33.

3                                    VI.  ANALYSIS

4            Plaintiff alleges that the ALJ erred by (1) rejecting the testimony of plaintiff's treating

5    physician, Dr. Lam; and (2) finding plaintiff's disabilities non-severe.  ECF No. 13 at 11-15.

6    Plaintiff requests that the matter be remanded to the Commissioner for an immediate award of

7    benefits.

8            A.      The ALJ Properly Evaluated Dr. Lam's Statements.

9            The ALJ gave little weight to the opinion of treating physician Giang Ngoc Lam, M.D.

10   AR 77.  Dr. Lam's report indicated that plaintiff suffers from anxiety and depression.  AR 975-79

11   (Lam report).  Dr. Lam opined that plaintiff is "incapable of even low stress jobs and that her

12   symptoms frequently interfere with attention and concentration."  AR 77 (quoting Lam report)

13   (internal quotations omitted).  The ALJ did not err by rejecting Dr. Lam's statements, as the

14   medical record contradicted his findings.

15           Medical opinions are statements from physicians and other acceptable medical sources

16   that reflect, among other things, judgments about "what [the claimant] can still do despite

17   impairment(s), and [the claimant's] physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2);

18   see also 20 C.F.R. § 404.1513(b) (medical reports should include, among other things, a

19   statement about what the claimant can still do despite his impairments).

20           "We afford greater weight to a treating physician's opinion because 'he is employed to

21   cure and has a greater opportunity to know and observe the patient as an individual.'"

22   Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (quoting Sprague v. Bowen, 812 F.2d

23   1226, 1230 (9th Cir.1987)).  "The ALJ may disregard the treating physician's opinion whether or

24   not that opinion is contradicted."  Id.  However, the ALJ may only reject the opinion of a treating

25   physician if he makes "findings setting forth specific, legitimate reasons for doing so that are

26   based on substantial evidence in the record."  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.

27   1987) (internal citations omitted).  "The ALJ can meet this burden by setting out a detailed and

28   thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

1    and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986) (per curiam),

2    superseded by statute on other grounds as recognized in Bunnell v. Sullivan, 912 F.2d 1149, 1154

3    (9th Cir. 1990). The court must uphold the ALJ's decision where the evidence is susceptible to

4    more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

5         The ALJ rejected Dr. Lam's opinion because "[his] opinion is not supported by the record

6    as a whole." AR 77. Specifically, the ALJ noted that the plaintiff "has not sought any mental

7    health specific treatment, and her mental health-related complaints have been sporadic at best."

8    AR 77; ECF Nos. 11-14; 11-20. There are numerous accounts in the record that plaintiff does not

9    suffer from anxiety or depression. AR 337; 572; 603; 652; 662; 667. Furthermore, Dr. Lam's

10   own reports indicate that plaintiff does not suffer from anxiety or depression. AR 675; 680; 689.

11   The ALJ also recognized plaintiff's positive response to medication as evidence that plaintiff's

12   mental impairments were non-severe. AR 77. The record reflects that, at least at one point in

13   2014, plaintiff medication prescribed by Dr. Lam for her anxiety. AR 605 (reflecting a 30 day

14   prescription for Lorazepram with no refills). While the ALJ does not specifically explain where

15   he finds that plaintiff responded positively to medication, there are at most sporadic instances in

16   which she mentions anxiety and depression.

17        Additionally, "Dr. Lam completed a Physical Residual Functional Capacity Questionnaire

18   (PRFCA) in which he indicated that the claimant suffers from significant limitations that would

19   completely erode the occupational base." AR 82. The ALJ rejected this portion of Dr. Lam's

20   opinion because the Medical Evidence of Record did not support his position. AR 82.

21   Furthermore, the ALJ found his opinion unreliable due to its inconsistencies. AR 82

22   ("Additionally, Dr. Lam opined that the claimant's limitations existed as of February 2-16, which

23   is inconsistent with the claimant's alleged onset date.").

24        This court must uphold the ALJ's decision regarding the treatment of Dr. Lam's opinion

25   because, at the very least, the evidence in this case is susceptible to more than one rational

26   interpretation. Gallant, 753 F.2d at 1453. Prior to Dr. Lam's finding that plaintiff suffered from

27   anxiety and depression, there were only a few instances in which any doctor acknowledge any

28   finding of as past history of anxiety or depression. AR 290 ("past medical" history of depression

7

1    anxiety noted on 10/18/2013 medical record); 306 (marked "depression/anxiety" on patient

2    questionnaire on 6/25/2013); 451 ("past medical" history of depression anxiety noted on

3    7/12/2013 medical record).  None of these instances indicate anxiety or depression during the

4    alleged disability period.  In one instance before the alleged disability onset date, a doctor made a

5    note that plaintiff was positive for anxiety but not depression.  AR 391.  However, in a list of

6    current problems within the same report, the doctor did not indicate that anxiety was a "current

7    problem."  AR 392.  Within the report in which Dr. Lam prescribed anxiety medication, he

8    indicated that plaintiff did not have anxiety or depression.  AR 603-04.  Dr. Lam is the only

9    person in the record to prescribe medication for anxiety or depression.

10          The ALJ gave the appropriate amount of weight to Dr. Lam's opinions.  While more

11   information and clarity with respect to the reasons for finding Dr. Lam lacking credibility may

12   have been useful, the ALJ provided adequately specific and legitimate reasons for rejecting Dr.

13   Lam's testimony.  Furthermore, the ALJ's finding that the evidence in the record largely

14   contradicted Dr. Lam's opinion is supported by substantial evidence in the record.  AR 77.

15   Therefore, the ALJ's decision must be upheld.

16          B.   The ALJ Improperly Dismissed Plaintiff's Lupus as Non-Severe at Step-Two

17          "The step-two inquiry is a de minimis screening device to dispose of groundless claims."

18   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants

19   whose medical impairment is so slight that it is unlikely they would be disabled even if age,

20   education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 153 (1987).

21   At step two of the sequential evaluation, the ALJ determines which of claimant's alleged

22   impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c).  "An impairment is not

23   severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no

24   more than a minimal effect on the ability to do basic work activities.'"  Webb v. Barnhart, 433

25   F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS

26   10 (1996)).  The step two severity determination is "merely a threshold determination of whether

27   the claimant is able to perform his past work.  Thus, a finding that a claimant is severe at step two

28   ////

only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

Plaintiff suffers from Lupus. AR 76. Plaintiff was admitted to Doctors Medical Center of Modesto on May 2, 2014. AR 328. Her doctor noted that she suffered from lupus and rheumatoid arthritis ("RA"), and that she reported weakness in both left sided extremities and numbness to the left leg onset. Id. Because of her lupus and RA, she was given additional testing and referred for outpatient treatment. Plaintiff was hospitalized again on May 2, 2014, following her physician's advice to report to the emergency department, complaining cramping in her left leg for a month and woke up one morning unable to move her left arm. AR 352. She was admitted with a preliminary diagnosis of "Weakness – left sided, Systemic Lupus Erythematosus, CVA, Partial -possible." AR 355. Furthermore, in May 2014, a doctor brought up plaintiff's rheumatoid arthritis and systemic lupus as a combined problem. AR 573. The doctor wanted to continue plaintiff on plaquenil and methotrexate to treat her rheumatoid arthritis and systemic lupus. AR 573. Similarly, in September 2014, a doctor found that plaintiff had scattered lymph node after two trips to the emergency room. AR 595. These instances indicate that her lupus may not be as under control as the ALJ indicated. AR 76. Given the fairly extensive medical history, the ALJ improperly found that plaintiff's lupus is non-severe.

C. The ALJ Properly Found that Plaintiff's Aneurysm, Transient Ischemic Attacks, Chronic Reflux Esophagitis, Anxiety and Depression are Non-Severe

As previously explained, a condition is non-severe if it a mere slight abnormality that only minimally affects a person's ability to engage in basic work activities. Webb, 433, F.3d at 686.

9

1    Plaintiff suffers from cerebral vessels arteriovenous aneurysm. AR 76. However, as the ALJ

2    pointed out, one of her doctors wrote, that "[t]he recommendation of the group was to observe

3    [the aneurysm] given its small size." AR 1036. It was the consensus of her doctors that

4    observation was sufficient. Id. Due to the recommendation to simply observe the aneurysm, the

5    ALJ acted appropriately in finding that plaintiff's aneurysm is non-severe and does not affect her

6    ability to engage in basic work activities.

7            Plaintiff suffers from a probable Transient Ischemic Attack (TIA) in May of 2014. AR

8    76; 1033. In follow-up medical records from June 12, 2014, a doctor found that plaintiff was

9    stable following her hospital discharge. AR 570. Notably, on September 10, 2014, a doctor

10   found that plaintiff showed "[n]o symptoms concerning for recurrent transient ischemic attack."

11   AR 593. Thus, the ALJ was correct in finding that plaintiff's TIA is non-severe.

12           Plaintiff also pursued treatment for chronic reflux esophagitis. AR76. The plaintiff failed

13   to demonstrate that her chronic reflux esophagitis caused anything more than minor irritation.

14   The record indicates that she takes medication for this condition, but the medical record supports

15   a finding that the medication has remedied her discomfort. AR 605. As the plaintiff failed to

16   show how her chronic reflux esophagitis affects her ability to do basic work activities, the ALJ

17   properly found her symptoms to be non-severe.

18           The plaintiff claims to be suffering from anxiety and depression. AR 76. These claims

19   are substantiated only by Dr. Lam's report. AR 975-79. As stated previously, his report was not

20   reliable. Therefore, it was appropriate for the ALJ to give his testimony little weight. As there

21   are no other indications that plaintiff suffers from anxiety or depression affecting her ability to do

22   basic work activities, the ALJ properly found her anxiety and depression to be non-severe.

23           D. Remand for Further Analysis is Necessary

24           As discussed above, the ALJ improperly dismissed plaintiff's alleged disability of lupus as

25   non-severe. The undersigned agrees with plaintiff that the ALJ's error is harmful and finds

26   remand for further proceedings by the Commissioner is necessary. An error is harmful when it

27   has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec.

28   Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful;

10

plaintiff's lupus, properly considered as a severe impairment, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

Remand for an immediate award of benefits is not appropriate in this case. It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly include plaintiff's lupus as a severe impairment at step two of his analysis. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for the plaintiff, and close this case.

DATED: March 2, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11